IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STONEY LEE SCHAEFFER,       )
        Plaintiff,       )      C.A. No. 07-160 Erie
                         )
     v.                )      District Judge McLaughlin
                         )      Magistrate Judge Baxter
ANGELA WARNER,              )
        Defendant.       )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendant's motion for summary judgment on grounds of exhaustion [Document # 11] be granted.

**II.    REPORT**

    **A.    Relevant Procedural History**

On June 29, 2007, Plaintiff Stoney Lee Schaeffer, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), commenced this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Named as Defendant is Angela Warner, a nurse at SCI-Albion.

Construing his complaint broadly, Plaintiff alleges that Defendant Warner was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, and was medically negligent in failing to provide adequate medical care. In particular, Plaintiff claims that Defendant Warner "refused and denied Plaintiff to [sic] medical treatment for his diabetes" by ignoring his statement that his blood sugar level was low when she gave him his evening medication. (Complaint, Section IV.C). As relief for his claims, Plaintiff seeks monetary damages or "the Court take Nurse Angela Warner's license away for ever." (Id. at Section VI).

On May 5, 2008, Defendant Warner filed a motion for summary judgment on grounds of

1

exhaustion, arguing that Plaintiff has failed to exhaust his administrative remedies. [Document # 11]. Plaintiff has filed a response [Document # 15] and a supplemental response [Document # 16], essentially restating the allegations of his complaint. This matter is now ripe for consideration.

### B. Standards of Review
#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986);

Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections,

949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Exhaustion
#### 1. Exhaustion Requirement of the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted*.

Id. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[1]  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement.

---

[1] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-2388 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it. Id.

### b. Procedural Default Component

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).[2] The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include

---

[2] There is a split of authority among the Circuits on this issue. Compare Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

5

> a procedural default component than by interpreting it merely to require
> termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

To exhaust the administrative remedies within the DOC's grievance system, a grievance must be appealed through all administrative levels of appeal at the inmate's institution and the DOC inmate-initiated grievances must follow the procedures set forth in Administrative Directive 804 ("DC-ADM 804"), which is included as part of the inmate handbook distributed to each inmate. The first step in the grievance process is for the inmate to file a claim with the institution's grievance officer. The grievance officer will investigate a grievance and provide the inmate with an Initial Review Response, which includes "a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance." DC-ADM 804 VI(B)(4). If the inmate is not satisfied with the Initial Review Response, there are two levels of appeal he must pursue to exhaust his claim: (1) an appeal within five days of his receipt of the Initial Review Response to the prison superintendent and, if the appeal is denied, (2) an appeal to the DOC Secretary's Office of Inmate Grievances and Appeals ("DOC Secretary"). DC-ADM 804 VI(C)(1).

### c. **Exhaustion and Procedural Default Applied**

Defendant argues that Plaintiff has failed to exhaust his administrative remedies. In particular, Defendant notes that Plaintiff "filed two grievances that contain facts similar or related to the factual allegations contained in his Complaint" – Grievance Nos. 166188 and 167546. (Document # 12 at p. 6).

In Grievance No. 166188, Plaintiff complained that, on October 5, 2006, at around 7:00 p.m., while Defendant Warner was giving him his evening medication, Plaintiff told her that his blood sugar level was low, to which she alleged responded "I don't give a f__, take your medication." (Document # 13, Exhibit 1 at p. 1). On October 23, 2006, Plaintiff was provided

6

an Initial Review Response by the Health Care Administrator, explaining the proper procedure for obtaining medical treatment and declaring the grievance resolved. (Id. at p. 2). Nevertheless, Plaintiff appealed the resolution of Grievance No. 166188 on October 27, 2006, arguing that his grievance could not be deemed resolved because he did not receive medical treatment for his "emergency" on October 5, 1006. (Id. at pp. 3-5). In response to this appeal, the Grievance Coordinator remanded the grievance to the Deputy Superintendent for further review on October 31, 2006. (Id. at p. 7). At such time, Plaintiff was advised by separate memorandum that he could expect to receive an amended initial response within ten working days and that he would then have an opportunity to appeal the amended response within five days after his receipt of the same. (Id. at p. 8).

On December 13, 2006, Plaintiff was provided an amended Initial Review Response denying Grievance No. 166188 based on lack of merit. (Id. at p. 10). Defendant contends that Plaintiff took no further action to appeal this denial. In support of this contention, Defendant has submitted the Declaration of Dorina Varner ("Varner"), a DOC Grievance Review Officer, who certifies that Plaintiff did not file for final review of Grievance No. 166188. (Document # 13, Exhibit 3 at ¶ 4). Plaintiff has not provided any evidence to contradict this declaration. As a result, this Court finds that Plaintiff failed to exhaust his administrative remedies with regard to the claims raised in Grievance No. 166188, which are essentially identical to Plaintiff's claims in this case.

While Grievance No. 166188 was pending, Plaintiff filed Grievance No. 167546 on October 23, 2006, in which he complained that Defendant Warner "passed [him] an inappropriate note with [his] scheduled medication" on October 19, 2006, in which she allegedly apologized for denying medical care to Plaintiff. (Document # 13, Exhibit 2 at p. 1). This Grievance was denied by Initial Review Response, dated October 27, 2006, due to insufficient evidence. (Id. at p. 4). According to Varner, Plaintiff did not file for final review of Grievance No. 167546, either. In fact, Plaintiff acknowledges in his supplemental response that he "did not appeal grievance number 167546 to either the Superintendent or to final review due to the fact that the "Inmate Review System" for inmates is frivolous...." (Document # 16 at p. 5).

7

Accordingly, this Court finds that Plaintiff failed to exhaust his administrative remedies with regard to the claims raised in Grievance No. 167546, which only tangentially relate to the claims in this case, in any event.

Notwithstanding the foregoing, Plaintiff claims in his response to Defendant's motion that Defendant has failed to take into account a third grievance he allegedly filed on November 7, 2006 – Grievance No. 169036 – in which he complains that Defendant Warner included four Prozac pills with his prescribed medication. (Document # 15 at p. 11). However, such a claim has no relation to the claims raised in this case. Furthermore, it appears from his response that Plaintiff did not exhaust his administrative remedies with regard to this Grievance either, as he states that the "Grievance [was] considered resolved."

Based on the foregoing, it is clear from the record that Plaintiff has failed to exhaust his administrative remedies with regard to the claims at issue in this case. Moreover, Plaintiff has procedurally defaulted on his claims. Accordingly, Plaintiff's claims are not properly before this Court and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion for summary judgment on grounds of exhaustion [Document # 11] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: September 18, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge

8